CARROLL, Judge
(dissenting).
Rule 3.2, subd. f, F.A.R., which requires an original plaintiff to prepay adjudged costs as a condition of taking an appeal, has a proviso dispensing with the requirement when the appealing plaintiff “has assigned” the costs as error and “has superseded” the cost order.
In the majority opinion the court treated “has assigned” as though it read “shall have assigned as error the taxing of costs within the 10-day period allowed in appellate rule 3.5, subd. a for the filing of assignments of error.” But the court treated the further requirement of “has superseded” differently, and held it must be done within 10 days although the appellate rules allow a substantially longer period.
Under Florida Appellate Rules the time within which supersedeas may be perfected is 110 days. Rule 5.5 for supersedeas says “at any time prior to filing the record-on-appeal in the [appellate] Court.” Rule 3.6, subd. j(l) provides that the record-on-appeal shall be transmitted to the appellate court 110 days after the notice of appeal. The majority opinion, in effect, amends rule 5.5 when applied to supersedeas of cost judgments, by holding that in order for a supersedeas to be effective under the proviso in the cost rule it must be perfected within 10 days, instead of within a period of 110 days as the appellate rules allow.
I am unable to join in that holding of the majority. First, it does not appear to be consistent to hold that “has assigned,” as contained in the proviso in the cost rule, is complied with by assigning error any time within the 10 day period allowed in the appellate rules for filing assignments of error, and at the same time to hold that the requirement of “has superseded” must be complied with by perfecting supersedeas in less time than is allowed by the appellate rules. Secondly, any change or amendment of an applicable appellate rule should be made only by the Supreme Court of Florida, where the Constitution placed the rule-making power (Art. V, § 3, F.S.A.).
Thirdly, the reason assigned by the majority for such action was that an appellee might be held to have waived a right to dismiss by filing pleadings, etc. That reason lacks validity because no such waiver would result. This is so because at the time an appellee files such pleadings (following timely assignment and pending expiration of time in which to supersede) he has no right to dismiss the appeal for nonpayment of costs. Such a right, if it accrued, would arise at the end of the period allowed for perfecting supersedeas, if not perfected by that time. Waiver is defined in Black’s Law Dictionary as “the intentional or voluntary relinquishment of a known right; or such conduct as warrants an inference of the relinquishment of such right.” The filing of pleadings by an appellee at times specified by rule or court order or stipulation, when no right to dismiss the appeal is present, would not be a basis to infer intent of an appellee to waive a right to dismiss the appeal which could arise thereafter. In the three waiver cases cited in the majority opinion, the right to dismiss for nonpayment of costs accrued and was established before the appellee filed the papers or took the action from which there was inferred an intent to relinquish a (matured) right to dismiss. Moreover, if such action by an appellee would operate as a waiver, that effect could be obviated by an appellee by the simple expedient of including in any such pleading or brief a statement that it was filed “without prejudice to move to dismiss for nonpayment of costs,” or language of similar import.
Fourthly, appellants and their attorneys should be entitled to rely on the appellate rules as they read, or as they may be amended and made to read from time to time by the Supreme Court in the exercise of its rule-making power. A chang-e of' an appellate rule by a holding in a court opinion *85 could create a trap, particularly where the change shortens the time which the published appellate rules provide for performance of an act upon which the right to maintain an appeal depends.
Therefore, I respectfully dissent, and because an assignment of error as to the costs was timely filed and the period allowed by the appellate rules for perfecting super-sedeas has not elapsed, I would deny the motion to dismiss.